

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 20, 2021

BY ECF

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    <u>United States</u> v. <u>Francisco Cartagena</u>, 13 Cr. 427 (PAE)

Dear Judge Engelmayer:

    The Government respectfully writes in opposition to the motion filed by defendant Francisco Cartagena seeking early termination of his supervised release. Following a conviction for conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A), Cartagena was sentenced to 87 months of imprisonment and a subsequent term of five years of supervised release. Cartagena compromised his position as a ground operations supervisor for Jet Blue Airways at JFK Airport by working with others to import approximately 147 kilograms of cocaine into the United States aboard Jet Blue airplanes. (*See, e.g.*, Gov't Sentencing Memo, Dkt. 27, at 1). The BOP website reflects that Cartagena was released from prison on or about March 19, 2019. It thus appears that Cartagena has served approximately 28 months of his five-year term of supervised release. Cartagena now requests that the Court terminate the remainder of his period of supervision.

    The Government opposes Cartagena's request. Section 3583(e) of Title 18 provides the District Court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). "Occasionally, a changed circumstance – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Id.* Pursuant to 18 U.S.C. § 3583(e)(1), in determining whether to modify the conditions of supervised release, the court must consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Those factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational

training, medical care, or other correctional treatment in the most effective manner; the United States Sentencing Guidelines; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

The Government respectfully submits that the factors set forth in 18 U.S.C. § 3553(a) were already taken into account by the Court and employed by the Court in fashioning the original sentence, which included a bottom-of-the-Guidelines sentence following a safety-valve proffer and a five-year term of supervised release. Cartagena's motion identifies no new or unforeseen circumstances that would render the original sentence unduly harsh. Rather, Cartagena merely asserts that he completed the RDAP program, is employed, obtained a commercial driver's license, and has not violated his probation. (Dkt. 33, at 9, 15). These are not valid legal bases to alter Cartagena's sentence retrospectively. *See, e.g.*, *United States v. Seebachan*, 2018 WL 2085654, at *1 (S.D.N.Y. April 24, 2018) (finding that defendant's compliance with the terms of release did not, by itself, merit early termination of period of supervised release); *United States v. Gross*, 2012 WL 259923 at *2 ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (declining to grant early termination of defendant's supervised release and holding that "[w]hile [defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule").

A five-year term of supervised release was part of a considered sentence that was imposed on Cartagena his central role in a very serious drug distribution offense. He has not provided any valid reason for the sentence to be revisited. To the extent Cartagena is adjusting well to supervision, that is an affirmative reason to continue supervision as imposed by the Court, not to terminate it early. Accordingly, Cartagena's motion should be denied.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: /s/ Edward Imperatore
Edward A. Imperatore
Assistant United States Attorney
Tel: (212) 637-2327

Substantially for the reasons recited by the Government, the Court **DENIES** the application for early termination of the defendant's term of supervised release. The Clerk of Court is requested to terminate the motion at Dkt. No. 33. The Court requests that the Government mail a copy of this endorsed letter to the defendant.

SO ORDERED.                                                                                          7/20/2021

_____
PAUL A. ENGELMAYER
United States District Judge